```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/09/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARMELO CABALLERO DE LA CRUZ, *et al.*,       :
                                              :
                          Plaintiffs,         :
                                              :
           -v-                                :
                                              :
PASTRAMI PRINCE INC., *et al.*,               :
                                              :
                          Defendants.         :
-------------------------------------------------------------X

**SCHEDULING ORDER FOR DAMAGES INQUEST**

20-CV-4643 (JPC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

On December 22, 2022, Judge Cronan referred this case to me to conduct an inquest into damages (Dkt. No. 122), and on January 6, 2023, granted a default judgment against defendants Pastrami Prince Inc., 1125 Kosher Deli Corp., Steven Friedman, Barry Friedman, and Thierno Sisse (Dkt. No. 123). Judge Cronan found liability with respect to causes of action one through eight of the Complaint as to Carmelo Caballero de la Cruz, Arnulfo Vazquez Basurto, and Raymundo Vazquez Angel; and with respect to cause of action nine as to Arnulfo Vazquez Basurto and Raymundo Vazquez Angel. Judge Cronan found no liability with respect to causes of action ten and eleven; nor with respect to any of the causes of action brought by Omar Espinobarros Vazquez. He further ruled that liability for each cause of action extends only until December 21, 2018, and that the recovering plaintiffs were entitled to prejudgment interest and liquidated damages as applicable under the law.

 "[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-

5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010)) (citations omitted), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016).  In the context of a default, allegations in a pleading pertaining to damages are not deemed admitted.  *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), *adopted by* 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014).  Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'"  *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 55(b)(2).

Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs shall serve defendants and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of Judge Cronan's order no later than **February 3, 2023**.  Plaintiffs shall include with such service a copy of this Order.  The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

2. Plaintiffs' Proposed Findings of Fact should specifically tie the proposed damages figures to the legal claims on which liability has been established; should demonstrate how plaintiffs have arrived at the proposed damages figures; and

should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages.  <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavits and or page of documentary evidence that supports each such Proposed Finding</u>.

Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed.  Counsel should file an affidavit providing the number of years each attorney has been admitted to the bar and their hourly rate.  Counsel should also include charts related to any fees that they are seeking, in terms of hours and number of attorneys, if appropriate.  The Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorney's fees, including why, if applicable, the number of attorneys involved are entitled to fees.  Finally, counsel should provide documentary evidence justifying an award of costs.

In lieu of conclusions of law, plaintiffs may submit a memorandum of law setting forth the legal principles applicable to plaintiffs' claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees).  Plaintiffs' papers must include an affidavit from someone with personal knowledge and the proposed damages amount.  Defendants shall send to plaintiffs' counsel and file with the Court their response, if any, to plaintiffs' submissions no later than **February 24, 2023.**

3. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

4. A courtesy copy of any document filed with the Court shall be sent or delivered to the undersigned.

Dated: January 9, 2023
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge