UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
CARMELO CABALLERO DE LA CRUZ *et al.*,                                  :
                                                                        :
                             Plaintiffs,                  :        20 Civ. 4643 (JPC) (JLC)
                                                                        :
            -v-                                                             :        <u>ORDER ADOPTING</u>
                                                                        :        <u>REPORT AND</u>
PASTRAMI PRINCE INC. *et al.*,                                          :        <u>RECOMMENDATION</u>
                                                                        :
                             Defendants.                 :
                                                                        :
----------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

      Plaintiffs Carmelo Caballero de la Cruz, Arnulfo Vazquez Basurto, Omar Espinobarros Vazquez, and Raymundo Vazquez Angel bring this wage and hour action against their former employer, Pastrami Queen, under the Fair Labor Standards Act and New York State labor laws. Dkt. 1. Following a default judgment hearing held on December 19, 2022, and a conference held on December 21, 2022, the Court issued an Order, dated January 6, 2023, finding Defendants Pastrami Prince Inc., 1125 Kosher Deli Corp., Steven Friedman, Barry Friedman, and Thierno Sisse liable with respect to Causes of Action One through Eight of the Complaint as to Carmelo Caballero de la Cruz, Arnulfo Vazquez Basurto, and Raymundo Vazquez Angel (collectively, "Plaintiffs"), and with respect to Cause of Action Nine as to Vazquez Basurto and Vazquez Angel. Dkt. 123. The Court also ruled that Plaintiffs are entitled to prejudgment interest and liquidated damages as applicable under the law. *Id.* The Court further determined that liability for each Cause of Action extends only until December 31, 2018. *Id.*[1]

---

[1] The Court further found no liability for these Defendants with respect to Causes of Action Ten and Eleven, and found no liability for these Defendants with respect to any of the Causes of Action brought by Omar Espinobarros Vazquez. Dkt. 123. When this Order refers to "Plaintiffs," Espinobarros Vazquez is not included.

On December 22, 2022, the Court referred this case to the Honorable James L. Cott for a damages inquest. Dkt. 122. On October 10, 2023, Judge Cott issued a Report and Recommendation, recommending that the Court award Plaintiffs total damages in the amount of $402,847.72 along with pre- and post-judgment interest, $17,622.75 in attorneys' fees, and $802.00 in costs, Dkt. 128 at 2, 29. More specifically, Judge Cott recommended that Caballero de la Cruz be awarded $197,817.68 in damages, Vazquez Basurto be awarded $116,932.50 in damages, and Vazquez Angel be awarded $88,097.54 in damages. *Id.* at 29.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 128 at 30. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety and awards damages to Plaintiffs as detailed in the Report and Recommendation, along with the fees and costs specified therein.

The Clerk of Court is respectfully directed to close this case and to enter judgment pursuant to the Report and Recommendation, including pre-judgment interest calculated as specified therein. *See* Dkt. 128 at 18-20, 29. Post-judgment interest shall be calculated pursuant to 28 U.S.C. § 1961(a).

SO ORDERED.

Dated: October 25, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge