# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 East 42ⁿᵈ St. Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

November 27, 2024

**VIA ECF**
Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re:    Caballero de la Cruz et al v. Pastrami Prince Inc. et al
         1:20-cv-04643-JPC-HJR

Your Honor:

This office represents Plaintiffs Carmelo Caballero de la Cruz, Arnulfo Vazquez Basurto, and Raymundo Vazquez Angel ("Plaintiffs") in the above-captioned matter. Plaintiffs write jointly with Defendant Steven Friedman ("Defendant Friedman") to submit this letter setting forth the parties' views on why the agreed upon settlement in this matter is fair, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The parties have agreed to a negotiated settlement (the "Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A."[1] We therefore ask the Court to approve the Agreement, pursuant to *Cheeks*, and dismiss the case with prejudice.

## 1.    Background

Plaintiffs filed this Complaint against Defendant Friedman and other Defendants for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), New York Labor Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"). *See generally* ECF Dkt No. 1.

Plaintiffs are former employees of a Manhattan delicatessen that was owned or operated for a period of time by, among other Defendants, Defendant Friedman. Plaintiffs allege being paid fixed salaries or at flat rates for all hours worked despite working over forty (40) hours in certain weeks. Plaintiffs, with the exception of Omar Espinobarros Vazquez, worked for the subject deli during the period that Defendant Friedman operated it.

Plaintiffs entered into a settlement agreement with Defendants Pastrami Leasehold LLC (d/b/a Pastrami Queen), Allan Phillips, and John Phillips ("Appearing Defendants"), which was approved by the Court on October 31, 2022. *See* ECF Dkt No. 108. With regards to the remaining

---

[1] As Plaintiffs' primary language is Spanish, a Spanish copy of the Agreement is attached hereto as "Exhibit B."

defaulting Defendants, including Defendant Friedman, Plaintiffs moved for a default judgment, and the Clerk of the Court entered default judgment on November 7, 2023. *See* ECF Dkt. No. 130.

On May 30, 2024, the Court granted Plaintiffs' and Defendant Friedman's stipulation to vacate default judgment against Defendant Steven Friedman and resolve the dispute on the merits. Following the mediation conference held on October 30, 2024, Plaintiffs and Defendant Friedman (hereinafter, the "Parties") settled.

## 2.    Settlement Terms

In considering whether a settlement is fair and reasonable, courts review factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v Scholastic Inc.*, 900 F Supp 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

Were they to prevail on every issue of fact, Plaintiffs estimate that they would together be entitled to $178,986.75 in back wages and $488,785.20 were they to fully prevail on their claims. The Parties have agreed to settle this action for the total sum of $18,000.00 (the "Settlement Amount").[2]  While the percentage of the Settlement Amount compared to Plaintiffs' maximum possible recovery is lower than those typically approved by courts in the Second Circuit, the Court may find the Settlement Amount reasonable given the anticipated burdens and seriousness of litigation risks in this particular case. *See Andreyuk v. ASF Constr.*, 2023 U.S. Dist. LEXIS 103667, at \*4–5 (S.D.N.Y. June 14, 2023) (approving settlement amount that is 8 or 9 percent of plaintiffs' maximum possible recovery).

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims, exposing the risks associated with litigating this matter. Defendant Friedman argued that the release provision of Plaintiffs' settlement agreement with Appearing Defendants in 2022 discharges him from potential liability.  Given the passage of time,[3] records are lacking and the reliability of Plaintiffs' testimony may be questioned.  Defendant Friedman has repeatedly pleaded financial difficulties, raising concerns about collectability.

Further, the Parties' settlement is the product of negotiations between counsel before an experienced FLSA mediator, suggesting that the agreement is the product of arm's-length bargaining and that there is "reduced risk of collusion between the parties." *Diaz v. Pizza Napolitana*, 2020 U.S. Dist. LEXIS 229531, at \*7 (E.D.N.Y. Dec. 4, 2020), *report and recommendation adopted by* 2021 U.S. Dist. LEXIS 14859 (E.D.N.Y., Jan. 26, 2021).

---

[2] The Settlement Amount shall be paid in one lump sum.  Each Plaintiffs' portion of the Settlement Amount is distributed among them on the basis of the amount of estimated damages they would have been entitled to, taking into account their tenure at the deli, the amount they were paid, the number of hours they worked, and other relevant factors.

[3] Plaintiffs allege that they have worked for Defendant Friedman from as early as approximately June 2014 up to approximately December 2018.

The Agreement "does not include the typical provisions that preclude approval, including (1) overbroad releases; (2) highly restrictive confidentiality provisions; (3) non-disparagement provisions that bar truthful statements; and (4) prohibitions on future employment." *Li v. Hly Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 450 (E.D.N.Y. 2022).

Given that this litigation has been pending for approximately four years at this point, Plaintiffs have elected to settle for this amount at this juncture rather than wait longer for an uncertain result that they may be unable to collect.

### 3.   **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $5,940.00 from the Settlement Amount as attorneys' fees and costs.  This represents one-third of the recovery in this litigation.

Plaintiffs' counsel's lodestar in this case is $5,077.50 and counsel incurred $450.00 in expenses associated with litigating this case against Defendant Friedman.  A copy of Plaintiffs' counsel's billing record and costs is attached as "Exhibit C."  Plaintiff's counsel is asking for 1.07 times their lodestar; the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Shapiro v. JPMorgan Chase & Co.*, 2014 U.S. Dist. LEXIS 37872, at *84 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, everyone covered by this Agreement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and frequent and on-going negotiations.  A brief biography of each attorney who performed billed work in this matter is as follows:

    A.   Bryan D. Robinson ("BR") was an associate at CSM Legal, P.C., formerly known as Michael Faillace & Associates. He graduated from Maurice A. Deane School of Law at Hofstra University in 2018. He is licensed to practice law in the Southern and Eastern Districts of New York, the Southern District of Texas, and also the state Courts of New York and Texas. Mr. Robinson's work is billed at a rate of $350.00.

    B.   I, Amy Gina Kim ("AK"), am an associate at CSM Legal, P.C.  I graduated with a J.D. from Fordham Law School in 2023.  Prior to joining CSM Legal in May 2024, I focused on labor and employment litigation, having worked as an associate attorney at Ahne & Ji, LLP.  My work is billed at a rate of $350.00 per hour.

    C.   Work performed by paralegals ("PL" or "EM") is billed at the rate of $125.00 per hour.

4.    **Conclusion**

In full consideration of the issues presented in both *Cheeks* and *Wolinsky*, the Parties believe that their Agreement is fair and reasonable, and that the Agreement should be approved and the case dismissed with prejudice. The stipulation of final dismissal will be filed for so-ordering upon this Court's order that the Agreement has been approved.

The Parties thank the Court for its time and attention devoted to this matter.

Respectfully submitted,

/s/ *Amy Gina Kim*
Amy Gina Kim, Esq.
CSM LEGAL, P.C.
*Attorneys for Plaintiffs*

cc:    All counsel via ECF

The Court is in receipt of the parties' settlement agreement and joint letter. Dkt. 150. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorneys' fees appear to be calculated using the percentage method and represent one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved. The parties are directed to file a stipulation of dismissal within one week of the date of this order.

SO ORDERED.
Date: December 4, 2024
New York, New York

JOHN P. CRONAN
United States District Judge